# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL JEROME WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:17CV177–PPS/JEM |
| MARK SEVIER, *et. al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Michael Jerome Williams, a prisoner without a lawyer, filed an amended complaint against seven employees of the Westville Correctional Facility. According to Williams, Correctional Officer Watson entered his humanities class and began insulting various inmates in the class. Watson then told Williams, "you like hugging men, you like strong hands on your back while you getting fucke[d], I'll make sure you get a hug tonight!" ECF 6 at 3. Williams reported the comment and filed an administrative complaint under the Prison Rape Elimination Act (PREA). Williams alleges that when Officer Watson learned of the PREA complaint, she retaliated against him by issuing a false disciplinary report claiming that *he* had made the sexually explicit statements to *her*. Williams claims Librarian B. McGee also wrote a false witness statement.

Williams was immediately relocated for his safety. Officer Watson entered Williams' new housing unit and spoke with a correctional officer. As she left the unit, she gave Williams a nasty look. The other officer then approached Williams and stated, "people who make complaints are cowards and snitches." ECF 6 at 4. Two months later, Defendant Watson again entered his housing unit and gave him a dirty look. Williams alleges that as a result of his interactions with Officer

1

Watson, other prisoners accused him of being a "snitch" and an "officer slayer" and have threatened to "give [him] a reason to make a PREA report." ECF 6 at 5.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"To prevail on his First Amendment retaliation claim, [Mr. Williams] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, Williams has plausibly alleged that Officer Watson and Librarian McGee were motivated to file false disciplinary charges against him because of the PREA complaint against Watson. He has also plausibly alleged that an inmate of reasonable fortitude would be deterred from filing such a complaint in the future as a result of being falsely charged with a disciplinary violation and by being harassed by other guards and fellow inmates at the encouragement of Officer Watson. Therefore I will grant him leave to proceed against Officer Watson and Librarian McGee.

Williams' claims against the remaining defendants fail to state a claim. Williams alleges that in response to his PREA complaint, Captain Smiley moved him for his safety. He also alleges that Captain Smiley signed the conduct report as Officer Watson's supervisor. Williams has not plausibly

2

alleged that either of these actions were retaliatory and there is no supervisory liability under 42 U.S.C. § 1983. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Williams alleges that Grievance Specialist Troy Cambe attempted to stop his grievances from being processed on two occasions. However, being denied access to a prison grievance system does not state a claim. *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015). Williams alleges that Grievance Manager Linda Vanatta did not investigate the claims in his grievance. However, not investigating a grievance does not state a claim. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Williams alleges that Internal Affairs Officer Kallock and Superintendent Mark Sevier did not prevent Officer Watson from visiting his new dorm. A prison official "can be held liable under § 1983 if [he] (1) had reason to know that a fellow officer was . . . committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). However, Williams has not plausibly alleged that either Officer Kallock[1] or Superintendent Sevier knew that Officer Watson was committing a constitutional violation or that either had a reasonable opportunity to intervene. Therefore these five defendants will be dismissed.

For these reasons, the court:

(1) **GRANTS** Michael Jerome Williams leave to proceed against Ofc. T. Watson in her individual capacity for compensatory and punitive damages for retaliating against him in violation

---

[1] It is clear from the face of Williams' complaint that Defendant Kallock did not ignore Williams' PREA complaint. Williams acknowledges that Defendant Kallock interviewed him regarding his PREA complaint, took statements, and reviewed the disciplinary charges issued by Defendant Watson. A week later, Defendant Watson was removed from her assignment in the prison school. Defendant Kallock also had the disciplinary charges against Williams dismissed.

of the First Amendment by filing a false disciplinary report and encouraging other officers and inmates to verbally harass him because he filed a PREA claim against Ofc. T. Watson;

(2) **GRANTS** Michael Jerome Williams leave to proceed against Mrs. B. McGee in her individual capacity for compensatory and punitive damages for retaliating against him in violation of the First Amendment by filing a false witness statement in support of the false disciplinary report because he filed a PREA claim against Ofc. T. Watson;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Mark Sevier, Mrs. Kallock, Troy Cambe, Captain Smiley, and Lind Vanatta;

(5) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Ofc. T. Watson and Mrs. B. McGee with a copy of this order and the amended complaint (ECF 6) as required by 28 U.S.C. § 1915(d); and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer T. Watson and Mrs. B. McGee respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

ENTERED: August 1, 2017        /s/ Philip P. Simon  
                                                                  Judge  
                                                                  United States District Court